# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

TY W. DUSCH, Reg. #10530-025                                                        PETITIONER

v.                                  2:15CV00079-KGB-JJV

C. V. RIVERA, Warden, Forrest City
Low Federal Correctional Complex                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### **I. PROCEDURAL BACKGROUND**

Petitioner, Ty Dusch, pleaded guilty to conspiracy to manufacture methamphetamine on December 11, 2013, in the Southern District of Illinois. The court sentenced him to 96 months' imprisonment in Bureau of Prisons (BOP). (Doc. 3-1 at 4.) He is currently incarcerated at Forrest City Low in Forrest City, Arkansas. (Doc. No. 1.) He filed the current Petition for Writ of Habeas Corpus on June 8, 2015, asking the Court to order BOP to remove the Public Safety Factor (PSF) that was designated to him. (*Id.*) The BOP responded that the Petitioner does not have a constitutional right to a designation in a particular BOP facility nor does he have a right to a custody classification level. (Doc. No. 3.) For the following reasons, the Court agrees.

### **II. ANALYSIS**

Mr. Dusch argues that his due process rights are being violated because the "Respondent is relying on inaccurate information which results in Petitioner being denied due process of law, based solely on a management variable placed on Petitioner which has no basis in fact." (Doc. No. 1.) However, the actual issue in this case is Mr. Dusch believes he should be placed in a minimum security level facility, but BOP placed him in a low security level facility. Congress has delegated

to the BOP the authority to determine a prisoner's classification and place of confinement. *See* 28 C.F.R. § 0.96; BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification. To do so, BOP uses a database to calculate a point score for each inmate. (Doc. No. 3-1 at 2.) This score, along with a PSF or Management Variable, is used to designate the level of security or type of facility[1] in which an inmate will be housed during his incarceration. (*Id.*)

A prisoner possesses no liberty interest in a particular custody level or place of confinement. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 224-25, (1976); *Montanye v. Haymes*, 427 U.S. 326 (1976). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (quoted in *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), and *Sandin v. Conner*, 515 U.S. 472, 480 (1995)).

Mr. Dusch concedes that "[i]t is common in these types of cases for the Court to find that no protected liberty interest is involved . . . and dismiss the case without further ado, holding that the Bureau of Prisons has the expertise to make decisions regarding placement . . ." ( Doc. No. 4.) Mr. Dusch clearly understands the law that applies to his case. He understands that because there is no liberty interest in where the BOP designates he be housed during his term of imprisonment, his case would normally be dismissed. However, he proceeds to make the policy argument that the Court should be concerned by the "rationality of the decision-making process." (*Id.*) Unfortunately for Mr. Dusch, I must follow the law, and Congress has given BOP the discretion to evaluate inmates

---

[1] BOP has six types of facilities based on the level of security provided at each: minimum, low, medium, high, complex, and administrative. Bureau of Prisons, https://www.bop.gov/about/facilities/federal_prisons.jsp (last visited Oct. 1, 2015).

and designate, by the results of that evaluation, where the inmate should be housed. I find that the BOP did not abuse its discretion by finding Mr. Dusch should be placed in a minimum security facility, and he has no liberty interest in the BOP's decision to assign him a PSF of sex offender. Therefore, his Petition should be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As previously stated, Mr. Dusch has no liberty interest in his placement in a detention facility, therefore a certificate of appealability will not be issued.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED, and the requested relief be DENIED; and

2. A certificate of appealability should not be issued.

DATED this 5th day of October, 2015.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE