**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TY W. DUSCH,
Reg. #10530-025                                                                                              **PETITIONER**

v.                                      Case No. 2:15-cv-00079-KGB

C.V. RIVERA, Warden, Forrest City Low,
Federal Correctional Complex                                                                   **RESPONDENT**

**ORDER**

Before the Court are the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Joe J. Volpe (Dkt. No. 6). Petitioner Ty W. Dusch filed objections to the Recommendations (Dkt. No. 9). After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Dusch's objections. Mr. Dusch filed a petition for habeas corpus asking the Court to order the Bureau of Prisons ("BOP") to remove the Public Safety Factor ("PSF") imposed on him. The BOP responded that Mr. Dusch does not have any constitutional right to a particular designation or custody classification. The Recommendations agreed with the BOP's argument. In his objections, Mr. Dusch concedes that he has no protected liberty interest in an assignment to a particular type of penal facility (Dkt. No. 9, ¶ 2). He maintains, however, that he has a "protected liberty interest in the even-handed application of rational policies that are designed to protect the public" (*Id*.). Mr. Dusch contends that "[b]ecause the case is so old, and because there has been no repetitive conduct on the part of the Petitioner, and because the Petitioner is not required to register as a sex offender, it is unreasonable to regard Petitioner as a

danger to society, yet the outdated policy of the Bureau of Prisons, which continues to treat the Petitioner as a sex offender, is being unreasonably applied to Petitioner's case and burdens the taxpaying public with the costs of Petitioner's confinement in a low security level facility, when he merits confinement in a minimum security facility where the costs of confinement are significantly lower" (*Id*. ¶ 4). In addition, Mr. Dusch contends that if he were transferred to a minimum security facility he might "qualify to receive a year off his sentence if he were to successfully complete the Residential Drug Abuse Program" (*Id*. ¶ 5).

Mr. Dusch and the Recommendations accurately state the law regarding BOP classification inasmuch as both agree that there is no protected liberty interest in a particular classification within the BOP or in being confined in a particular institution. *See, e.g.*, *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); *see also Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) ("Prisoner classification and eligibility for rehabilitation programs in federal prisons are not directly subject to due process protections.") (citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976)); *Crawford v. Cashion*, 2010 Ark. 124, *7 ("Arkansas law commits prisoner classification to the discretion of prison officials and does not protect an inmate's right to any particular classification or raise due-process concerns.").

Despite this case law, Mr. Dusch maintains that he has a due process interest in the way in which the BOP determines his PSF. Other courts have disagreed, finding that even prisoner classifications based on incorrect or erroneous information do not violate due process because an

inmate does not have a protected liberty interest in any particular classification. *Jennings v. BOP*, 354 F. App'x 60, 61 (5th Cir. 2009) (holding that a claim must be dismissed as frivolous when it alleges that a prisoner's classification was based on an erroneous determination of the prisoner's history of or propensity for violence); *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) (recognizing that a prisoner does not have a constitutional right to be placed in a specific security classification); *Biedrzycki v. U.S. Prob. Dep't*, No. 6:09-CV-364-GFVT, 2010 WL 291826, at 2–3 (E.D. Ky. Jan. 21, 2010) ("To the extent that the Petitioner's allegations amount to a claim that his due process rights have been violated by the use of the erroneous PSI to arrive at his custody level and prison assignment, the Supreme Court has held that prisoners do not have a liberty interest under the Constitution in 'prisoner classifications and eligibility for rehabilitative programs in the federal system.'" (quoting *Moody*, 429 U.S. at 88 n. 9)). Moreover, the Supreme Court has directed that a liberty interest in the conditions of a prisoner's confinement is implicated only where the prison's action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life . . . or creates a major disruption in his environment." *Sandin v. Connor*, 515 U.S. 472, 484–86 (1995). The Supreme Court itself has found only one circumstance which meets its standard of being an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" so as to implicate the due process clause and that is a prisoner's transfer to a "supermax" facility, where "almost all human contact is prohibited, even to the point that conversation is not permitted from cell to cell; the light, though it may be dimmed, is on for 24 hours; exercise is for 1 hour per day, but only in a small indoor room." *Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005). Mr. Dusch has not alleged such atypical conditions are present as a result of the PSF assigned to him by the BOP.

Therefore, this Court adopts the Recommendations; Mr. Dusch's habeas corpus petition is dismissed and the requested relief is denied (Dkt. Nos. 1, 6). A certificate of appealability will not be issued.

It is so ordered this 27th day of April, 2016.

_____
Kristine G. Baker
United States District Judge